**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| DELTAVALVE, LLC, a Utah limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PAUL WURTH, INC., a Pennsylvania corporation, PAUL WURTH, S.A., a Luxembourg corporation, and DOES 1-10,<br><br>Defendants | ) | Case No.: ________________ |

# COMPLAINT

COMES NOW Plaintiff, DeltaValve, LLC ("DeltaValve"), by counsel, and for its Complaint against Defendants Paul Wurth, Inc., Paul Wurth, S.A., and Does 1-10 (collectively, "Paul Wurth") alleges as follows:

## PARTIES

1. Plaintiff, DeltaValve, is a Utah limited liability company having an address of 9890 Jordan Gateway, Sandy, Utah 84070. By assignment and agreement, DeltaValve has all necessary legal rights to bring this action.

2. Upon information and belief, Defendant Paul Wurth, Inc. is a Pennsylvania corporation having an address and principal place of business of 22800 East Evans Avenue, Valparaiso, Indiana 46383 and is doing and/or facilitating business in Indiana and in this judicial district. Paul Wurth has designated Corporation Service Company of 135 North Pennsylvania Street, Suite 1610, Indianapolis, Indiana 46204 as its registered agent.

3. Upon information and belief, Defendant Paul Wurth, S.A. is a citizen of Luxembourg, having an address of 32, rue d'Alsace, L-1122 Luxembourg. Upon information and belief, Paul Wurth, S.A. is the parent corporation of Paul Wurth, Inc.

4. Upon information and belief, Defendant Does 1-10 are one or more parent, child, and/or intermediary entities of Paul Wurth, Inc. and/or Paul Wurth, S.A. acting in concert with Paul Wurth, Inc. and/or Paul Wurth, S.A. to manufacture, distribute, sell, offer to sell, and/or import the infringing product into the United States.

5. Paul Wurth collectively manufactures, distributes, sells, offers to sell, and/or imports the infringing product into the United States and/or into Indiana.

**JURISDICTION AND VENUE**

6. This is an action for patent infringement arising under Title 35 of the United States Code. 35 U.S.C. § 1 et. seq.

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

8. The Defendants are subject to personal jurisdiction in Indiana and this District.

9. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1400 as Paul Wurth, Inc. resides in this district. Upon information and belief, Paul Wurth has solicited business in the State of Indiana, transacted business in the State of Indiana, and attempted to derive financial benefit from residents of the State of Indiana, including benefits directly related to the instant patent infringement cause of action set forth herein.

10. On information and belief, Paul Wurth has advertised and/or placed its infringing goods, systems, methods, and/or services, including, without limitation, Paul Wurth's bottom

unheading valve for delayed coking, into the stream of commerce in the United States, which goods, systems, methods, and/or services have been offered for sale, sold, and/or used in the State of Indiana and/or the Northern District of Indiana.

## GENERAL ALLEGATIONS

11. This case relates to United States Patent Nos. 6,565,714 (the "'714 Patent") and 6,964,727 (the "'727 Patent") for coke bottom drum de-heading systems. DeltaValve is the owner of all rights in the '714 Patent and the '727 Patent.

12. On May 20, 2003, the '714 Patent, entitled "Coke Drum Bottom De-Heading System, a copy of which is attached hereto as Exhibit A, was duly and legally issued by the United States Patent and Trademark Office. DeltaValve is the owner of all right, title, and interest in and to the '714 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '714 Patent.

13. On November 15, 2005, the '727 Patent, entitled "Coke Drum Bottom De-Heading System, a copy of which is attached hereto as Exhibit B, was duly and legally issued by the United States Patent and Trademark Office. DeltaValve is the owner of all right, title, and interest in and to the '727 Patent, including the right to sue for and recover all past, present, and future damages for infringement of the '727 Patent.

14. DeltaValve is a world leader in the design, engineering, and manufacture of critical service equipment for delayed coking. DeltaValve's fully automatic coke drum unheading valves have become a global standard for safe, reliable, and easy-to-operate coke drum unheading.

15. DeltaValve designs, develops, produces, manufactures, markets sells, and distributes coke drum bottom unheading valves.

16. Coke drum bottom unheading valves of DeltaValve are protected by the ’714 Patent and by the ’727 Patent.

17. DeltaValve’s business is throughout the United States and the world, including the State of Indiana and this judicial district.

18. Without authorization from DeltaValve, Defendants in concert with one another manufacture, have manufactured, import into, sell or offer for sale and/or use in the United States a bottom unheading valve for use on coke drums in delayed coking.

19. The Paul Wurth bottom unheading valve infringes one or more of claims 1, 5, 7, 12, 18, 19, 23, 24, 30, and 36 of the ’714 Patent.

20. The Paul Wurth bottom unheading valve infringes one or more of claims 33, 35, and 36 of the ’727 Patent.

21. Defendant’s actions complained of herein are causing irreparable harm and monetary damage to DeltaValve and its business partners and will continue to do so unless and until Defendant is enjoined and restrained by this Court.

**FIRST CLAIM FOR RELIEF**
**Infringement of United States Patent No. 6,565,714**

22. DeltaValve incorporates by reference all other allegations of this Complaint as though set forth here in full.

23. Pursuant to patent laws of the United States, the forgoing acts of Paul Wurth constitute direct infringement of claim 36 and/or inducing and/or contributing to infringement of

one or more of claims 1, 5, 7, 12, 18, 19, 23, 24, and 30 of the ’714 Patent by either literal infringement or by infringement under the doctrine of equivalents.

24. DeltaValve requests the Court to find that the acts of Paul Wurth constitute infringement of one or more of the claims of the ’714 Patent.

25. DeltaValve requests the Court to find that the infringement of Paul Wurth has been willful, in bad faith, and/or in reckless disregard of the rights of DeltaValve.

26. Paul Wurth has caused DeltaValve monetary damage in an amount to be determined at trial.

27. Paul Wurth has harmed DeltaValve’s rights and should be enjoined from further infringement.

## SECOND CLAIM FOR RELIEF
## Infringement of United States Patent No. 6,964,727

28. DeltaValve incorporates by reference all other allegations of this Complaint as though set forth here in full.

29. Pursuant to patent laws of the United States, the forgoing acts of Paul Wurth constitute direct infringement of claim 36 and/or inducing and/or contributing to infringement of one or more of claims 33 and 35 of the ’727 Patent by either literal infringement or by infringement under the doctrine of equivalents.

30. DeltaValve requests the Court to find that the acts of Paul Wurth constitute infringement of one or more of the claims of the ’727 Patent.

31. DeltaValve requests the Court to find that the infringement of Paul Wurth has been willful, in bad faith, and/or in reckless disregard of the rights of DeltaValve.

32. Paul Wurth has caused DeltaValve monetary damage in an amount to be determined at trial.

33. Paul Wurth has harmed DeltaValve's rights and should be enjoined from further infringement.

**RELIEF**

WHEREFORE, Plaintiff DeltaValve, LLC prays for judgment and relief against the Defendants as follows:

A. Judgment in favor of DeltaValve finding that Defendants are liable for direct infringement of the '714 Patent.

B. Judgment in favor of DeltaValve finding that Defendants are liable for inducing and/or contributing to infringement of the '714 Patent.

C. Judgment in favor of DeltaValve finding that Defendants are liable for direct infringement of the '727 Patent.

D. Judgment in favor of DeltaValve finding that Defendants are liable for inducing and/or contributing to infringement of the '727 Patent.

E. An accounting for and an award of any and all ascertainable damages, to be determined at trial, related to the unlawful acts of Defendants.

F. Judgment in favor of DeltaValve finding that this case is exceptional, and that damages should be increased up to three times.

G. For temporary, preliminary, and permanent injunctive relief ordering Defendants to refrain from further infringing any claims of the '714 Patent.

H. For temporary, preliminary, and permanent injunctive relief ordering Defendants to refrain from further infringing any claims of the ’727 Patent.

I. For reasonable attorneys’ fees, costs, and interest.

J. For such further relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

DeltaValve hereby demands a jury trial on all claims and issues triable to a jury.

DATED this 28th day of April, 2017.

BARRETT McNAGNY LLP

By: /s/ Anthony M. Stites

Jeremy N. Gayed
Anthony M. Stites
215 East Berry Street
P.O. Box 2263
Fort Wayne, IN 46801 2263
Phone: (260) 423 9551
Fax: (260) 423 8920
E Mail: jng@barrettlaw.com
ams@barrettlaw.com